59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vincent GARCIA, Plaintiff-Appellant,
v.
Charles D. MARSHALL, et al., Defendants-Appellees.
 No. 94-16536.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vincent Garcia appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights action against defendants Marshall, Leary, Lau, Astorga and Lovness alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in a cell with a rival gang member and denying him the use of a knee brace while he was in the Violence Control Unit ("VCU"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.[1]
 
 A. Deliberate Indifference to Safety
 
 3
 Garcia contends that the district court erred by dismissing his deliberate indifference claim against Leary. This contention lacks merit.
 
 
 4
 "[A] prison official cannot be held found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); accord Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.1995).
 
 
 5
 Here, Garcia's complaint alleged that Leary "never even took any steps to ask us if we got along, or if we were north or south inmates for that reason I was a victim of her negligence." Because Garcia's complaint failed to allege facts showing that Leary was aware of and disregarded an excessive risk to Garcia, and because the district court provided Garcia with an opportunity to amend, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), the district court properly dismissed this claim. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Anderson, 45 F.3d at 1313.
 
 
 6
 B. Deliberate Indifference to Serious Medical Needs
 
 
 7
 Garcia contends that the district court erred by dismissing his deliberate indifference claims against Marshall, Astorga, Lau and Lovness. This contention lacks merit.
 
 
 8
 We agree with the district court that Garcia's deliberate indifference claims against Marshall and Lau were precluded by res judicata because Garcia brought the same claims against Marshall and Lau in Garcia v. Marshall, No. C-90-3074-EFL (N.D.Cal. Nov. 1992), aff'd, unpublished memorandum disposition, No. 93-15042, (9th Cir. Aug. 23, 1993).[2] See Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988).
 
 
 9
 Garcia's claims against Astorga and Lovness are barred by collateral estoppel because the issue of whether the denial of his knee brace constituted deliberate indifference to his serious medical needs was actually litigated in Garcia, No. C-90-3074 EFL. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 329 (1979) ("defensive use of collateral estoppel precludes a plaintiff from relitigating identical issues by merely 'switching adversaries' "); see also Robi, 838 F.2d at 322.
 
 
 10
 Accordingly, the district court did not err by dismissing Garcia's claims against these defendants.[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's sua sponte dismissal of claims before service of process as under 28 U.S.C. Sec. 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 We grant defendants' motion and we take judicial notice of the record in a prior litigation between the same parties. Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157 (1969); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992)
 
 
 [3]
 We decline to address Garcia's due process claim because Garcia failed to argue in his opening or reply brief that the district court erred by granting summary judgment for defendants on this claim. See International Union of Bricklayers and Allied Craftsmen Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)